UNITED STATES v. HOENINGHAUS & CURTISS.

(Circuit Court of Appeals, Second Circuit. February 24, 1905.)

No. 133.

CUSTOMS DUTIES—ASCERTAINMENT OF COMPONENT MATERIAL OF CHIEF VALUE—WARPING—PROCESS OF WEAVING.

Under section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], providing that the component material of chief value in imported merchandise "shall be determined by the ascertained value of such material in its condition as found in the article," *held* that, as to woven fabrics, the ascertainment should be made with reference to the time the process of weaving commences; that the operation of warping is not a part of such process; and that the cost of such operation should be included wholly in the value of the material constituting the warp of the fabrics, and not distributed between the warp and the weft.

Appeal·from the Circuit Court of the United States for the Southern District of New York.

For decisions below, see 131 Fed. 570, and G. A. 5,335, T. D. 24,423, which related to merchandise imported at the port of New York by Hoeninghaus & Curtiss, and consisting of certain fabrics having a silk warp and a cotton weft. In determining, for the purposes of classification for duty, whether the goods were composed in chief value of silk or of cotton, the collector proceeded on the theory that the expense of warping the silk was part of the process of weaving, and should be equally apportioned between the two materials in finding their relative value. The importers contended that warping is a process preliminary to that of weaving, and not a part of that operation, and that, as the whole warping process is concerned with the silk threads alone, its expense should be included as a part of the cost of the silk component of the goods. This contention was overruled by the Board of General Appraisers, but sustained by the Circuit Court, in the decisions above cited.

Chas. D. Baker, for appellant.

Howard T. Walden, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The importations in controversy are woven fabrics of silk and cotton, and their classification for duty depends upon the question whether the silk or cotton was the component material thereof of chief value. The collector and the Board of General Appraisers classified them as articles in which cotton was the component material of chief value, and in arriving at that conclusion refused to estimate the expense of the "warping" of the silk, a process which is preliminary to the weaving process. It seems to have been assumed that, if the expense of warping should have been added, silk was the component material of chief value. To quote the finding of the Board of General Appraisers, "warping is the process of taking the silk from the spool and arranging longitudinally a sufficient number of yarns of sufficient length and quality to constitute the warp of the precise size and quality of the fabric intended to be produced." Although the process is essential in constituting the fabric, it is obvious that it must be completed before the weaving process commences. The learned judge of the court below, in reversing the decision of the Board of General Appraisers, took this view, and in his opinion discussed fully the considerations upon which he reached his conclusion. In the Opera-Glass Cases, where the articles were composed of shell and other materials, the Supreme Court held that the question of the value of the shell was to be determined by its value when in such condition that nothing remained to be done upon it except to put the several materials together to make the opera glass. In Seeberger v. Hardy, 150 U. S. 420, 14 Sup. Ct. 170, 37 L. Ed. 1129, it does not appear in the report of the decision what in detail had been done to bring the shell to its perfect condition before it was combined with the other materials; but in Seeberger v. Schlesinger, 152 U. S. 581, 14 Sup. Ct. 729, 38 L. Ed. 560, it does appear, not only that the shell had been brought to the proper polish, but also that it had been brought to the proper shape to

form the covers of the opera glasses. Bringing the material to the proper shape for its use in a specific article is a step in the manufacture of the article closely analogous to the warping in the manufacture of the importations in controversy. The court below based its opinion upon the decision in Seeberger v. Hardy. We fully concur in the opinion, and deem it unnecessary to add anything to it. It may, however, serve to emphasize our conclusion by pointing out that the statue, which prescribes the rule by which the component of chief value is to be ascertained, declares that "the value of the component material shall be determined by the ascertained value of such material in its condition as found in the article." Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

The decision is affirmed.