TRUE FIT WATERPROOF CO. *v.* UNITED STATES (No. 1701).[1]

COMPONENT MATERIAL OF CHIEF VALUE—MIXED FABRIC.

Goods made by cementing with rubber a cotton cloth to a cotton and wool cloth, and goods made by cementing with rubber a cotton and silk cloth to a cotton and wool cloth, the rubber in each case being negligible in value, are composed in chief value of cotton, wool, or silk, according to which represents the greatest value as yarn, plus its proportion, on the basis of quantity, of the cost of weaving and other

[1] Reported in T. D. 37107 (32 Treas. Dec., 366).

expenses incurred in making the cloth and bringing it to the condition it had immediately prior to its combination with the other materials in order to form the goods in question.—Paragraph 386, tariff act of 1913. For this purpose that cloth which is composed in chief value of one of these fibers should not be regarded as made entirely of it.—Field & Co. *v.* United States (7 Ct. Cust. Appls., 332; T. D. 36876). Raincoats made from such goods are dutiable under paragraph 256, 266, or 291, tariff act of 1913, according to the material of chief value as found by this rule, and not as wearing apparel not specially provided for (par. 261).

United States Court of Customs Appeals, March 26, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7860 (T. D. 36175)

[Modified.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellant.

*Bert Hanson*, Assistant Attorney General (*Luke Lamb*, special attorney, of counsel), for the United States.

[Oral argument Nov. 1, 1917, by Mr. Webster and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Waterproof garments imported at the port of New York were classified by the collector of customs as wearing apparel composed in chief value of wool, and were accordingly assessed for duty at 35 per cent ad valorem under the provisions of paragraph 291 of the tariff act of 1913, which paragraph, in so far as pertinent, reads as follows:

291. Clothing, ready-made, and articles of wearing apparel of every description * * * made up or manufactured wholly or in part, and not specially provided for in this section, composed wholly or in chief value of wool, 35 per centum ad valorem.

The importers claimed that the merchandise was clothing ready made or articles of wearing apparel composed in chief value of cotton dutiable at 30 per cent ad valorem either under paragraph 256 or paragraph 261, or as articles of cotton cloth at the same rate under paragraph 266. The paragraphs upon which the importers relied, in so far as they are material to the issue, are as follows:

256. Clothing, ready-made, and articles of wearing apparel of every description, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, or of cotton or other vegetable fiber and india rubber, made up or manufactured, wholly or in part, * * * and not otherwise specially provided for in this section, 30 per centum ad valorem; * * *.

261. * * * All underwear and wearing apparel of every description, not specially provided for in this section, * * * finished or unfinished, * * * 30 per centum ad valorem.

266. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for in this section, 30 per centum ad valorem.

The Board of General Appraisers overruled the protest, General Appraiser Brown dissenting, and the importers appealed.

The garments are of two kinds, one of which we will designate as class A and the other as class B. Class A is composed of a cotton cloth cemented with rubber to a cloth of cotton and wool, and class B is made up by pasting together with rubber a cloth of cotton and silk and a cloth of cotton and wool. The single component material in chief value of goods so made up determines their classification, and therefore the dutiable status of the class A goods depends on whether cotton or wool is the component material of chief value, and the dutiable status of the class B goods depends on whether cotton, wool, or silk is the component material of chief value, the value of the rubber in each instance being concededly negligible. (See par. 386, tariff act of 1913.)

At the hearing before the board the Government analyst was directed to report the relative value of the several textiles and textile materials with and without the cost of weaving. The Government analyst calculated the component of chief value on three different theories as to composition and relative value of materials and left it to the board to say which of the theories and which of the calculations was in accord with the law. The first theory assumed that the value of the cotton content of the class A goods was the value of the woven cotton cloth added to the value of the unwoven cotton yarns of the mixed cloth; that the value of the woolen content thereof was the value of the unwoven woolen yarns of the mixed cloth; that the value of the silk, cotton, and wool content of the class B goods was the value of the silk, cotton, and wool yarns immediately before they were woven into the mixed fabrics which, with rubber, made up that particular kind of merchandise. The calculation made on this theory showed that cotton was the component material of chief value of both classes of goods. The second theory was based on the assumption that the garments were composed of cloths and of rubber of minor value, and that therefore the cloth of chief value was the component material of chief value. The difficulty presented by cloths of mixed materials was solved by holding that the material of chief value found in the fabric determined its nature and character; that is to say, the cloth composed of cotton and wool, wool chief value, was regarded as a cloth of wool, the cloth of silk and wool, silk chief value, was regarded as a cloth of silk, and the cloth composed wholly of cotton was, of course, regarded as a cotton cloth.

On this basis it was established by calculation that both classes of goods were composed in chief value of wool, with the exception of item 8311 of class B, which was found to be composed in chief value of silk. The third theory took it for granted that class A goods were composed of cotton and wool, and the class B goods of cotton, wool, and silk. In determining the component of chief value, the cotton, wool, or silk, as found in the cloths, was taken, and that meant that to the value of the cotton, silk, or woolen yarns was added the cost

of weaving and completing the cloths, which were subsequently made up into the garments in controversy. The cost of weaving and converting the different kinds of yarns into the finished mixed fabrics was apportioned to the several yarns according to value. From the calculation made on this theory it was developed that cotton was the component material of both classes of goods, with the exception of item 8333, which was found to be in chief value of wool.

The Board of General Appraisers considered that the garments were composed of cloth and rubber, and adopting the second theory for the ascertainment of the component of chief value, held that the value of the cloth and of the rubber should be taken as of the time immediately before they were joined together to make the garments and that the whole value of mixed fabrics should be credited to that component thereof which was in chief value. In accordance with that holding, all of the garments were found to be in chief value of wool, with the exception of item 8311, which was found to be in chief value of silk. The board, therefore, overruled all the protests, without, however, approving the action of the collector as to item 8311. General Appraiser Brown apparently favored the first theory and he therefore dissented from the majority opinion on the ground that cotton, wool, silk, and rubber were the basic materials which made up the goods, and that the wool and silk content was represented by the wool and silk yarns before being woven into the mixed fabrics, and that the cotton content was represented by the cotton cloth and the unwoven cotton yarns in the mixed fabrics.

We think the majority opinion was sound in so far as it held that the goods were composed of cloth and india rubber. We can not admit, however, that the whole value of a mixed fabric should be credited to its component of chief value, inasmuch as that course would result not only in ignoring the value of the cotton or other minor content, but in actually adding the value thereof to that of a different and competing material. Neither can we agree with the minority opinion, inasmuch as that would result in giving to the cotton yarns their full value as found in the cotton cloth, and deny to the cotton, silk, and wool yarns of the mixed fabrics their value as found therein. The waterproof garments are not composed of silk, wool, and cotton yarns and rubber, but of cloth and rubber, and from that it follows that the value of the silk, wool, or cotton content in the garments is not the value of the unwoven silk, wool, or cotton yarns, but their value as found in the cloth, that is to say, their value as yarns plus their proportion of the cost of weaving and other expenses incurred in making the cloth and bringing it to the condition it had immediately prior to its combination with the other materials in order to form the goods in question. In accordance with the decision rendered by

this court in Field & Co. *v.* United States (7 Ct. Cust Appls., 332; T. D. 36876), such cost of weaving and other common expense occasioned by the bringing of the yarns to the status they have in the cloth should in such a case as that here presented be proportioned among the different yarns of the mixed fabrics on the basis of quantity. Accepting that as the proper basis for determining the value of the silk, wool, and cotton content of the cloths entering into the composition of the garments under consideration, we find from the data furnished by the several analyses in the record that all of the garments are composed in chief value of cotton, with the exception of item 8233 which is composed in chief value of wool.

The decision of the Board of General Appraisers is therefore affirmed as to item 8233 and reversed as to all the other items.

*Modified.*