.UNITED STATES v. MRS. S. BACHARACH (No. 3377) [1]

United States Court of Customs and Patent Appeals, January 28, 1931

*Charles D. Lawrence*, Assistant Attorney General, for the United States.
·*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument December 11, 1930, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

A certain lamp which consisted of a wooden base and a silk shade, which shade was in part of braid and some other small ornaments, was imported at the port of Cincinnati. One of the examiners there advisorily classified the same as two separate articles: The wooden base under the appropriate wood paragraph of the Tariff Act of 1922, at 33⅓ per centum ad valorem, and the silk shade under paragraph 1430 of the same act. He stated in testimony before the lower court that the comptroller of customs at Philadelphia overruled him and required that the importation be regarded as an entirety. The examiner, however, acting for the appraiser, had appraised the wooden base at 1,500 francs and the silk shade at 1,500 francs. The collector of customs classified the merchandise as an entirety and assessed it

---

[1] T. D. 44612.

for duty under the provisions of paragraph 1430 of the Tariff Act of 1922, the pertinent portions of which follow:

PAR. 1430. * * * trimmings, * * * ornaments; braids, * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles, all of the foregoing, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, * * * 90 per centum ad valorem; .* * *

The importer protested the classification and claimed the merchandise dutiable under paragraph 1459 of the same act as a nonenumerated manufactured article at 20 per centum ad valorem, and under several other provisions, further reference to which is unnecessary.

At the trial before the United States Customs Court no testimony was offered as to the component material of chief value, the importer evidently relying upon the value of the two portions of the article as found by the appraiser.

The trial court held that the merchandise should be classified as an entirety but held as follows:

The evidence shows that the value of the silk shade in question is 1,500 francs and that the value of the wooden base in question is 1,500 francs. Therefore it can not be said that wood is the component material of chief value, nor can it be said that yarns, threads, filaments, or any of the other materials specified in paragraph 1430, are the component material of chief value. For the merchandise in question to be dutiable under paragraph 1430 it must be composed wholly or in chief value of one of the materials therein specified. The evidence shows that it is not composed wholly or in chief value of one of the materials specified in said paragraph 1430. Therefore the merchandise is not dutiable under paragraph 1430, even though it is composed in part of braid. Neither is it dutiable under paragraph 410, because in order to fall under said paragraph its component material of chief value must be wood—

and sustained the protest in its claim that the merchandise was dutiable under paragraph 1459 as a nonenumerated manufactured article at 20 per centum ad valorem.

From the judgment of the court below the Government appeals here and presents ten assignments of error, one of which is as follows and is sufficient for the decision of this case:

6. In holding that the appraised values of the silk shade and the wooden base in question are determinative of the component material of chief value.

The importer and the court below took the position that the appraised value of the two parts constituting the entirety, which value was evidently the dutiable value, should, under the circumstances, be taken as conclusive of the question of the component material of chief value.

The collector's classification and assessment of duty under paragraph 1430 raised the presumption that the component material of chief value was yarns, threads, or filaments, and this fact, when not shown to be incorrect, is determinative of the question. *United States* v. *Bernard, Judae & Co.*, 15 Ct. Cust. Appls. 172, T. D. 42231. The rule has long been settled that the proper method of determining component material of chief value is by determining the value of the separate parts of the article at the time when they are ready to be combined to make the completed article. "Value," when used in this connection, does not relate to the dutiable value of the component materials, but to the cost of such components to the manufacturer of the completed article. There was no proof in this case establishing such a value, and the presumption arising from the collector's classification was not overcome. A portion of paragraph 1460 of the Tariff Act of 1922 reads as follows:

PAR. 1460. * * * and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. * * *

In the act of March 3, 1883, the following provision is found: "On all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which the *component material of chief value* may be chargeable." (Italics ours.) In *Seeberger* v. *Hardy*, 150 U. S. 420, where the *component material of chief value* of opera glasses, dutiable under the act of 1883, was under consideration, the Supreme Court of the United States said: "We think the theory of the importer was the correct one, and that the value of the materials should be taken at the time they are put together to form the completed glass."

The identical language of paragraph 1460, *supra*, was in paragraph 386 of the Tariff Act of 1913. In *Turner & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 48, T. D. 39997, this court had under consideration the component material of chief value of vacuum bottles, and there the rule laid down in the *Seeberger* case, *supra*, was applied. The court said:

The foregoing provision appeared in identical language in the Tariff Act of October 1, 1890, and has been reenacted without change in every tariff revision since that time. It has been the subject of numerous decisions by the board and the courts, and although the present question has never been directly decided it has invariably been held by unmistakable implication that where an article is dutiable according to its component material of chief value, and the manufacturer himself fabricates any one of the component materials in order to bring it to a condition ready for use in the article, the aggregate value of the original material, plus the expenses of labor, etc., incurred in bringing it to its finished condition, should be taken as the "value" of that material within the sense of the paragraph,

and that the price which such component material when ready for use might bring, if sold as a separate commodity, would not enter into the calculation.

\*       \*       \*       \*       \*       \*       \*

In none of the foregoing cases was there any reference to the selling price of the component materials if put upon the market as separate commodities in a finished or partly finished condition. In each case the basis of comparison was the value or cost of the material in question plus the cost of bringing it to its finished condition ready for combination with other materials in the manufacture of the imported article.    \*   \*   \*

To the same effect is *United States* v. *Pfaltz & Bauer (Inc.)*, 16 Ct; Cust. Appls. 358, T. D. 43091, and *United States* v. *Bernard, Judae & Co., supra.*

It will thus be seen that the dutiable value of the two parts of an article has little if anything to do with the determination of the component material of chief value, and that the United States Customs Court erred in sustaining the protest, and its judgment is *reversed.*