(C. D. 119)

BULLOCKS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 9, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising at the port of Los Angeles brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of cloisonné ware. Duty was levied thereon at the rate of 65 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as articles or wares plated with gold, plus 3 cents per pound under section 601 (c) (7) of the Revenue Act of 1932 as articles composed in chief value of copper. It is claimed in the protest that the articles are

properly dutiable at various rates under many different paragraphs of the Tariff Act of 1930. However, in their brief filed herein, counsel for the plaintiff contend, in the first place, that the articles are not in chief value of metal and are, therefore, properly dutiable either at 30 per centum ad valorem under paragraph 214 of the Tariff Act of 1930 as articles in chief value of earthy or mineral substances, or at 40 per centum ad valorem under paragraph 231 as "Smalts, frostings, and all ceramic and glass colors, fluxes, glazes, and enamels * * * in any other form," or at 50 per centum ad valorem under paragraph 230 as manufactures in chief value of glass not specially provided for. In the second place, counsel contend that the merchandise is not in chief value of copper and therefore the additional tax under the Revenue Act of 1932 should be at three-fourths of 1 cent per pound or 3 per centum ad valorem, whichever is the lower, under section 601 (c) (7) of said revenue act, as articles containing 4 per centum or more of copper by weight but not in chief value of copper.

Samples of the imported merchandise at bar were admitted in evidence as Collective Exhibit 1.

In addition to said exhibit the plaintiff offered in evidence depositions of Liu Hung Pin, manager of Kwang Yi Lung, and Nui Si Chiu, manager of Chen Yoh Hou, of Peiping, China, which were admitted in evidence and marked Exhibit 2.

At the hearing of this case held on February 7, 1938, the trial judge granted the motion of counsel for the plaintiff to have the Government chemist submit a report giving the analysis of the material on the outside of Collective Exhibit 1, counsel agreeing to abide by the result.

At said hearing it was also conceded that the articles in question are gold plated.

It was then agreed that the case should be submitted on receipt of the report of the Government chemist. The report of the Government chemist has been made and is now before us. So far as here pertinent, it reads:

The outside colored portion of Collective Exhibit #1 (both box and ash tray) is a vitreous lead glass.

The pertinent portions of the testimony submitted in the deposition of Liu Hung Pin are as follows:

Q. What is your occupation?—A. Manufacture of cloisonne.
Q. How long have you been so engaged?—A. About thirty years.
Q. Are you familiar with the cloisonne ware sold to Bullocks, Inc., Los Angeles, California, United States of America, on or about February 2, 1933, Consular Invoice No. 304, and invoiced as:
Case No. 6169/6170.—No. 2—600 pcs. Cloisonne Boxes.
Case No. 6171.—No. 3—60 pcs. Cloisonne Trays.

CLOISONNE.—The value of copper contained in all cloisonne ware is ⅕ the value of the article and the weight of copper contained therein is about ⅔ the weight of the article.

A. Yes.

Q. How did you become familiar with said merchandise?—A. They were made in my shop.

Q. Are you familiar with the value of the various component materials contained in the said merchandise?—A. Yes.

Q. How did you become familiar therewith?—A. I became familiar through my experience in the cloisonne business.

Q. Please state in detail the *value* of each of the materials contained in the cloisonne ware prior to manufacture or fabrication into the instant articles?—A. The value of the copper base, including copper thread, used in each box prior to manufacture, was twenty cents local Chinese currency. It is difficult to state the exact value of the dyes used in each box, as I make up a great number of various cloisonne articles at the same time, but I estimate the value of the dyes used in each of these particular boxes as approximately twenty-seven cents local Chinese currency. The value of the gold gilding used in each box was ten cents local Chinese currency.

Q. Please state the percentage by *weight* of the copper in said articles.—A. I do not know the percentage by weight of the copper in said articles, as I have never weighed the articles to determine the percentage by weight.

The questions and answers of the other deponent involve merchandise dissimilar to that here in question, and are therefore here inapplicable.

On this record counsel for the plaintiff in their brief filed herein insist that the plaintiff has sustained the burden of proving that the imported merchandise involved herein is not composed in chief value of metal, relying on the testimony of Liu Hung Pin; that the value of the copper is 20 cents, the value of the dyes or colored portions 27 cents, and the gold gilding 10 cents. It is to be noted, however, that deponent's testimony relative to the dyes or colored portions is extremely vague and indefinite, to wit:

It is difficult to state the exact value of the dyes used in each box, as I make up a great number of various cloisonne articles at the same time, but I estimate the value of the dyes used in each of these particular boxes as approximately twenty-seven cents local Chinese currency.

It is manifest that such testimony falls far short of the evidence required by the decisions of the United States Court of Customs and Patent Appeals to establish chief value. In the case of *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs) 353, T. D. 44612, the appellate court, in a unanimous decision, said:

The collector's classification and assessment of duty under paragraph 1430 raised the presumption that the component material of chief value was yarns, threads, or filaments, and this fact, when not shown to be incorrect, is determinative of the question. *United States* v. *Bernard, Judae & Co.*, 15 Ct. Cust. Appls. 172, T. D. 42231. The rule has long been settled that the proper method of determining component material of chief value is by determining the value

of the separate parts of the article at the time when they are ready to be combined to make the completed article. "Value," when used in this connection, does not relate to the dutiable value of the component materials, but to the *cost of such components to the manufacturer of the completed article.* [Italics ours.]

In the later case of *United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. 232, T. D. 45337, the appellate court, again in a unanimous decision, reiterated the foregoing statement of the law as follows:

This court has repeatedly held that the proper method of determining component material of chief value is to ascertain the costs of the separate parts or component materials to the manufacturer at the time they are ready to be assembled or combined into the completed article. *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs) 353, T. D. 44612; *Turner & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 48, T. D. 39997, and cases therein cited.

\* \* \* There is no evidence of the costs to the manufacturer of the separate parts or components of the involved articles at the time such parts or components were ready to be assembled or combined. Accordingly, we must hold that there is no competent evidence of record to establish the component material of chief value. This being so, the presumption of correctness attending the collector's classification was not overcome and the court below should have overruled the protest.

In the case at bar there is no evidence as to the cost to the manufacturer of any of the component parts of the cloisonné ware in question. All of the questions and all of the answers were simply as to the value of the component parts prior to manufacture and have no reference to the actual cost of such materials to the manufacturer. Moreover, as we have already stated, not only is there no evidence as to the cost to the manufacturer of the dyes or colored portion, but there is only an approximate estimate of their value.

Upon the entire record we therefore hold that the plaintiff has failed to sustain the burden of overcoming the presumptive correctness attaching to the collector's classification. All claims are therefore overruled, and the decision of the collector is affirmed.