(C. D. 532)

JOHN WANAMAKER, PHILA. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 19, 1941)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Philadelphia, brought to recover certain customs duties alleged to have been improperly exacted upon a particular importation of glass bottles with metal tops. Duty was levied thereon at the rate of 8½ cents per pound and 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as table or household utensils composed in chief value of aluminum. It is claimed that said articles are properly dutiable at the rate of 75 per centum ad valorem under the provision in paragraph 218 (e) of said act for "bottles, vials, and jars, wholly or in chief value of glass, fitted with or designed for use with ground-glass stoppers, when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise."

This case was submitted on the following stipulation:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the Court:

(1) That the merchandise covered by the above-named protest consists of 1,000 molded glass empty bottles and 1,016 painted aluminum bottle caps not

plated with platinum, gold or silver, marked on the invoice with a green ink "M" and the initials R. L. C., (ex'r R. L. Cunneff); that said bottles were packed and invoiced separately from said caps, and were purchased from different suppliers, but said bottles and caps were imported to be used together after importation as entireties and were assessed with duty as entireties under Paragraph 339 at 8½¢ per pound plus 40% ad valorem.

(2) That said 1000 bottles and 1000 of said caps were entireties, consisting of 1000 Bottles with caps of a character used, and imported for the purpose of being used, in the household as containers of toilet water.

(3) That said glass bottles and aluminum caps were not joined together until after importation.

(4) That the purchase price of the said glass bottles was 2.234 French Francs each; and that the cost of cases and packing (not included in the above) was not included by the Collector in determining the component material of chief value, but was included by the Collector in determining the dutiable value; and that the cost of the cases and packing for said glass bottles was .718 French francs for each bottle.

(5) That the purchase price of the said aluminum bottle caps was 2.597 French francs each; and that the cost of cases and packing (not included in the above) was not included by the Collector in determining the component material of chief value; but was included by the Collector in determining the dutiable value; and that the cost of the cases and packing for said aluminum bottle caps was .09433 French francs for each cap.

(6) That the (cases and) packing specified in paragraphs 4 and 5 above was necessary and essential for the protection and shipment of the goods from the place of manufacture to the United States where such bottles and caps were physically joined together as entireties.

(7) That the protest is abandoned in all other respects except as to those items as specified in paragraphs (1) through (6) above.

(8) That the right to the first docket call and the right to further amend the protest are hereby waived.

(9) That the protest may be submitted upon this stipulation.

A sample of the imported merchandise is in evidence as exhibit 1, and the above stipulation was marked in evidence as exhibit 2.

Upon the agreed statement of facts it is evident that the only question at issue is whether the packing charges should or should not be considered as a factor in determining the component material of chief value in the merchandise herein.

Counsel for the plaintiff in their brief filed herein have apparently confused the question of cost to the manufacturer with the question of determining the component material of chief value in the same article. It is true that in determining the cost of production of an article manufactured abroad, and also in determining the final appraised value of merchandise imported into the United States, the item of packing charges is added by virtue of the provisions of the Tariff Act of 1930. On the other hand, the method of determining the component material of chief value in an article is also fixed by statute. Paragraph 1559 of said act, so far as here pertinent, reads:

* * * the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in

value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.   *   *   *

In the case of *United States* v. *Meadows*, 2 Ct. Cust. Appls. 143, T. D. 31665, the appellate court said:

Ordinarily it would seem that in the manufacture of articles composed of two or more components, one of which would be of chief value, the amount of treatment received by each before being put together and the precise order as to time in uniting them to make the finished article, would be determined in view of the results obtained, and that course would be adopted that gave the best results. Mechanical appliances may be changed or new methods may be discovered, as a result of which a different chronological order of combination may be found more advantageous than the one theretofore in use.  In each case, however, inquiry will show at what stage the component parts have been made ready to be united to form the complete whole, and at that stage its condition will be "its condition as found in the article."   *   *   *

The above case was cited with approval in the case of *United States* v. *Bernard, Judae & Co.*, 15 Ct. Cust. Appls. 172, T. D. 42231.

On the established facts and the law applicable thereto we hold that the glass bottles with metal tops constituting the imported merchandise at bar, being admittedly entireties, are properly dutiable at the rate of 8½ cents per pound and 40 per centum ad valorem under said paragraph 339 as table or household utensils composed in chief value of aluminum, as classified by the collector.  All claims of the plaintiff are therefore overruled, and judgment will be rendered accordingly.